UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

Case No. 1:14-CV-1117
Hon. Janet T. Neff

_____/

Seth Miller,

  Plaintiff,

vs.

Law Offices of Timothy E. Baxter & Associates, P.C.

  Defendant.

Timothy E. Baxter P28045
Attorney for Law Offices of
Timothy E. Baxter & Associates, P.C.
P.O. Box 2669
Farmington Hills, MI 48333
(248) 553-1155
tbaxter@baxlaw.com

_____/

### DEFENDANT'S MOTION TO DISMISS

  NOW COMES Defendant, Law Offices of Timothy E. Baxter & Associates, P.C., by and through its attorneys, LAW OFFICES OF TIMOTHY E. BAXTER & ASSOCIATES, P.C., and for its Motion to Dismiss states as follows:

1.  That this motion is made pursuant to Fed. R. Civ. P. 12(b)(6).

2.  That on November 4 2014, Plaintiff brought this action against Defendant, in which Defendant was served on December 4, 2014, asserting causes of action under the Telephone Consumer Protection Act (TCPA) and the Fair Debt

Collection Practices Act (FDCPA).

3. That for the reasons set forth in the attached Brief, dismissal as a matter of law of Plaintiff's Complaint with prejudice is warranted due to Plaintiff's failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant, Law Offices of Timothy E. Baxter & Associates, P.C., by and through its attorneys, TIMOTHY E. BAXTER & ASSOCIATES, P.C., respectfully requests that this Court grant its Motion to Dismiss and dismiss this lawsuit with prejudice. A copy of a proposed Order Granting Defendant's Motion to Dismiss and for Sanctions is attached hereto.

Respectfully submitted,

TIMOTHY E. BAXTER & ASSOCIATES, P.C.

/s/Timothy E. Baxter
By: Timothy E. Baxter P28045
Attorney for Law Offices of Timothy E. Baxter & Associates, P.C.
P.O. Box 2669
Farmington Hills, MI 48333
(248) 553-1155
tbaxter@baxlaw.com

Dated: December 22, 2014

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

Case No. 1:14-CV-1117
Hon. Janet T. Neff

_____/

Seth Miller,

      Plaintiff,

vs.

Law Offices of Timothy E. Baxter & Associates, P.C.

      Defendant.

Timothy E. Baxter P28045
Attorney for Law Offices of
Timothy E. Baxter & Associates, P.C.
P.O. Box 2669
Farmington Hills, MI 48333
(248) 553-1155
tbaxter@baxlaw.com

_____/

## DEFENDANT LAW OFFICES OF TIMOTHY E. BAXTER'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

### Issues Presented

1) Whether this Court should grant Defendant's Motion to Dismiss due to the failure to state a claim under the Telephone Consumer Protection Act upon which relief can be granted?

2) Whether this Court should grant Defendant's Motion to Dismiss due to the failure to state a claim under the Fair Debt Collection Practices Act upon which relief can be granted?

## Controlling Authority

### Case law

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)     *passim*

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)     *passim*

*Biggs v. Credit Collections, Inc.,* 2007 WL 4034997 (W.D. Okla. Nov. 15, 2007)     6

*Brody v. Grenpact Services LLC,* 980 F.Supp.2d 817 (2013)     6, 7

*Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)     2

*Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625 (6th Cir. 2009)     2, 3

*Grden v. Leikin, Ingber & winters PC,* 643 F.3d 169 (2011)     7

*Hagler v. Credit World Servs., Inc.,* 2014 WL 4954595 (D. Kan. Oct. 1, 2014)     6, 8, 9

*Hurtwitz v. Pinnacle Fin. Grp., Inc.* 2014 WL 2479999 (E.D. Mich. June 3, 2014)     4

*Johansen v. Vivant, Inc.,* 2012 WL 6590551 (N.D.Ill. Dec. 18, 2012)     5

*Jones v. FMA Alliance Ltd.,* 978 F. Supp. 2d 84 (D. Mass. 2013)     4, 5

*Koby v. ARS Nat. Services, Inc.,* 2010 WL 1438763 (S.D. Cal. Mar. 29, 2010)     6, 8

*McGinity v. Tracfone Wireless, Inc.,* 2014 WL 1202950 (M.D. Fla. Mar. 11, 2014)     4, 5

*Shane v. Bunzl Distrib. USA, Inc.,* 200 Fed.Appx. 397 (6th Cir.2006)     2

*Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.,* 987 F.2d 376 (6th Cir.1993)     4, 9

*Zweigenhaft v. Receivables Performance Mgmt., LLC,* 2014 WL 6085912 (E.D.N.Y. Nov. 13, 2014)     7

### Statutes

47 U.S.C. § 227     2, 3

15 U.S.C. § 1692     2, 6, 8, 9

**Court Rules**

Fed.R.Civ.P. 12     *passim*

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

Case No. 1:14-CV-1117
Hon. Janet T. Neff

_____/

Seth Miller,

    Plaintiff,

vs.

Law Offices of Timothy E. Baxter & Associates, P.C.

    Defendant.

Timothy E. Baxter P28045
Attorney for Law Offices of
Timothy E. Baxter & Associates, P.C.
P.O. Box 2669
Farmington Hills, MI 48333
(248) 553-1155
tbaxter@baxlaw.com
_____/

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

### I. STATEMENT OF FACTS

On September 2, 2014, a representative of Defendant, Nicole Gardenhire, placed a singular non-automated call to Plaintiff, Seth Miller, at (616)-773-8830. The Plaintiff, did not answer and Ms. Gardenhire left a non-automated voicemail message on the Plaintiff's telephone. The voice mail stated, "[t]his message is for Seth Miller, this is uh..Nicole Gardenhire, and I am calling from the Law Offices of Timothy Baxter & Associates, please return the call at 866-431-8271. Thank You."

Then on November 4, 2014, Plaintiff filed his two count complaint alleging violations of 47 U.S.C. § 227(b)(1)(A) of the Telephone Consumer Protection Act (TCPA) and 15 U.S.C. § 1692e(11) of the Fair Debt Collection Practices Act. Defendant was subsequently served with said Complaint on December 4, 2014 and files its present motion pursuant to Fed. R. Civ. P. 12(b)(6).

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review

The legal standard for a Rule 12(b)(6) motion requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Shane v. Bunzl Distrib. USA, Inc.,* 200 Fed.Appx. 397, 401 (6th Cir.2006) (citing *Bovee v. Coopers & Lybrand C.P.A.,* 272 F.3d 356, 360 (6th Cir.2001)). A sufficient pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678–679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

The Supreme Court in *Iqbal* and *Twobly* raised the bar for pleading requirements beyond the old "no-set-of-facts" standard of *Conley v. Gibson,* 355 U.S. 41, 78, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that had prevailed over the last few decades. *Courie v. Alcoa Wheel & Forged Products,* 577 F.3d 625 (6th Cir. 2009), citing, *Ashcroft v. Iqbal,* 129 S.Ct. 1937 at 1949, see also *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955. In *Iqbal,* the Supreme Court explained that a civil complaint

only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie* 577 F.3d at 629. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. The complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Twombly,* 550 U.S. at 556.

**B. This Honorable Court Should Dismiss Plaintiff's Complaint Under Fed. R. Civ. P. 12(b)(6) Because He Has Failed to State A Claim Upon Which Relief Can Be Granted.**

*1. Plaintiff has failed to state a claim under the Telephone Consumer Protection Act.*

The Plaintiff first asserts a cause of action under 47 U.S.C. § 227(b)(1)(A), which states in pertinent part:

(b) Restrictions on use of **automated telephone equipment**

(1) Prohibitions: It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) **using any automatic telephone dialing system or an artificial or prerecorded voice.** (Emphasis Supplied).

The Plaintiff's complaint fails to state a claim under the TCPA because it fails to plead any of the facts necessary to satisfy the *Twombly/Iqbal* standard for a TCPA claim, namely

circumstances that would support the inference that the singular call that was placed with an <u>automatic telephone dialing system</u> or <u>an artificial or prerecorded voice</u>. The Plaintiff's complaint simply lacks any allegations for the necessary element, that Defendant used an automated telephone dialing system.

The United States District Court for the Eastern District of Michigan, in *Hurtwitz v. Pinnacle Fin. Grp., Inc.*, dismissed the Plaintiff's TCPA complaint pursuant to Fed. R. Civ. P. 12(b)(6) where the Plaintiff failed to plead facts necessary, to show "circumstances that would support the inference that these calls were placed with a[n] automatic telephone dialing system or an artificial or prerecorded voice." 2014 WL 2479999, at *3 (E.D. Mich. June 3, 2014); *See also Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d 84, 87 (D. Mass. 2013) (Plaintiff's complaint under the TCPA was dismissed pursuant to 12(b)(6) after the failure of the Plaintiff to plausibly plead that the Defendant used an automated telephone dialing system); *See also McGinity v. Tracfone Wireless, Inc.*, 2014 WL 1202950 (M.D. Fla. Mar. 11, 2014) (Plaintiff's complaint under the TCPA was dismissed pursuant to 12(b)(6) after the failure of the Plaintiff to plausibly plead that the Defendant used an automated telephone dialing system).

Therefore, as the Plaintiff has failed to plead the facts necessary under *Twombly* and *Iqbal* for a TCPA claim, this Honorable Court should dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Moreover, a court may deny leave to amend a complaint for the reason that the amendment would be 'futile.' A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss. *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993). Any proposed amendment by Plaintiff is futile as any

amount of allegations by the Plaintiff would not satisfy the *Twombly* and *Iqbal* standards and would not survive a Rule 12(b)(6) motion. Even if the Plaintiff asserted that Defendant used an automatic telephone dialing system or an artificial or prerecorded voice, this "bare" assertion is insufficient to plausibly plead a TCPA claim. *See Jones v. FMA Alliance Ltd.*, 978 F. Supp. 2d at 87 ("Simply alleging the use of an ATDS [automated telephone dialing system], without more, is insufficient to sustain a TCPA claim). Instead a well-pleaded allegation of using an automated telephone dialing system rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." *Id. See also McGinity v. Tracfone Wireless, Inc.*, 2014 WL 1202950, at *2 ("Many district courts have held that "a 'bare allegation that [a defendant] used an [automatic telephone dialing system] is not enough.' " *Jones v. FMA Alliance Ltd.*, 978 F.Supp.2d 84, 85, 2013 WL 5719515, at *1 (D.Mass.2013) (footnote omitted) (quoting *Gragg v. Orange Cab. Co., Inc.*, 942 F. Supp.2d 1111, 1113-4 (W.D. Wash. 2013)); *see also Johansen v. Vivant, Inc.*, 2012 WL 6590551, at *3 (N.D.Ill. Dec. 18, 2012) ("It is not unreasonable ... to require a plaintiff to describe the phone messages he received in laymen's terms or provide the circumstances surrounding them to establish his belief that the messages were pre-recorded or delivered via the [automatic telephone dialing system].")

Plaintiff is thus required to plead sufficient facts showing **circumstances** to establish his belief that an automated telephone dialing system was used. However, that is impossible for Plaintiff to plead without making misrepresentations to this Honorable Court. Defendant placed one singular call to the Defendant and said call was manually dialed by a live human being, Nicole Gardenhire. No call was ever placed using a pre-recorded voice or an automated dialer

system. For those reasons, any amendment proposed by the Plaintiff would be futile and; therefore, this Honorable Court should dismiss Plaintiff's TCPA claim with prejudice for failure to state a claim upon which relief can be granted.

### 2. *Plaintiff has failed to state a claim under the Fair Debt Collection Practices Act.*

The Plaintiff next asserts a cause of action under 15 U.S.C. § 1692e(11). To be actionable under 15 U.S.C. § 1692e(11), the voice mail message must meet the definition of a "communication" under the FDCPA as section 1692e(11) requires a debt collector to disclose its identity in "communications" with the debtor. A communication under the FDCPA is "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C § 1692a(2). Thus, "[c]ongress intended to make a debt collector's failure to identify himself illegal only when he conveys information regarding a debt under 1692a(2). Congress could have expanded the definition of "communication" easily or used a different term to require a debt collector to reveal himself in all types of contact." Plaintiff's FDCPA claim must fail under Rule 12(b)(6) as he has failed to plead any facts to plausibly show his cause of action is based on any actionable "communication," as defined by the FDCPA.

A voice mail message is not a communication when it does not reference the collection of a debt or the debt itself. *Brody v. Grenpact Services LLC,* 980 F.Supp.2d 817, 820 (2013); *Koby v. ARS Nat. Services, Inc.,* 2010 WL 1438763 at *4 (S.D. Cal. Mar. 29, 2010); *Hagler v. Credit World Servs., Inc.,* 2014 WL 4954595, at *7 (D. Kan. Oct. 1, 2014); *Biggs v. Credit Collections, Inc.,* 2007 WL 4034997 at *4 (W.D. Okla. Nov. 15, 2007) ("the voice mails 'covey[ed]' no 'information regarding a debt.' No amount of liberal construction can broaden the statutory

language to encompass the words recorded in these voice mails); *Zweigenhaft v. Receivables Performance Mgmt., LLC*, 2014 WL 6085912, at *3 (E.D.N.Y. Nov. 13, 2014) (the Court held that stating, "[t]his is a call from a debt collector," was too attenuated from conveying information about a debt to be considered a communication under the FDCPA); *Grden v. Leikin, Ingber & winters PC,* 643 F.3d 169 (2011) ("the statute does not apply to *every* communication between a debt collector and a debtor.")

In *Brody vs. Genpact Services, LLC,* a case from the United States District Court for the Eastern District of Michigan, the following voice mail message was left:

> "This message is for Theresa Brody. My name is Kevin Archer calling from Genpact Services. Call me back at 866–544–0753. Again, 866–544–0753 and my name is Kevin Archer and I am calling from Genpact Services. Please call me back. Have a great day." 980 F. Supp. 2d at 819.

The *Brody* Court held that Plaintiff's claim under 15 U.S.C. § 1692e(11) must fail because the voice mail message was not a 'communication. *Id* at 821. The court reasoned that the voice mail message was **NOT** a communication because the "defendant's representative never directly referenced the collection of a debt or the debt itself," and that the only thing that was disclosed was "one piece of nongeneric information during the entire course of the voice mail message, namely, the identity of his employer..."Greenpact", alone, cannot reasonably construed to imply a debt"). *Id.*

The case at bar is identical to the *Brody* case. Defendant's representative did **NOT** reference directly a debt or the collection of a debt. Moreover, as in *Brody,* Defendant's representative, Nicole Gardenhire, relayed one piece of nongeneric information, her employer, The Law Offices of Timothy E. Baxter & Associates P.C. As the Defendant in this case did not reference a debt directly and 'The Law Offices of Timothy E. Baxter & Associates' cannot be

reasonably construed to imply a debt, Defendant's voice mail message to the Plaintiff is not a "communication" under the FDCPA. *Id.*

Further, the facts of *Koby vs. ARS Nat. Services, Inc.,* in which the court held that the voice mail message was not a 'communication' under the FDCPA, are similar to the case at bar. 2010 WL 1438763 (S.D. Cal. Mar. 29, 2010). A voice mail message that was left in *Koby* stated, "[t]his is Brian Cooper. This call is for Mike Simmons, I need you to return this call as soon as you get this message 877-333-3880, extension 2571." *Id.* at *1. The Court once again reasoned that merely including, "the caller's name and asked for a return call, does not convey, directly or even indirectly, any information regarding the debt owed. As such, the claim based upon the voicemail message left with Plaintiff Simmons would **NOT** permit recovery under section 1692e(11)." *Id.* at *4. The voice mail message in *Koby,* is very similar to Defendant's voice mail messageas it does not convey directly, or even indirectly, any information regarding the debt owed. Since Defendant merely included the caller's name (Nicole Gardenhire) and asked for a return call ("please return the call at 866-431-8271"), this voice mail message is not a "communication" under the FDCPA. *Id.*

Once again, the facts of *Hagler vs. Credit Word Services Inc.,* in which the court held that the voice mail message was not a 'communication' under the FDCPA, are similar to the case at bar. 2014 WL 4954595 (D. Kan. Oct. 1, 2014) A voice mail message that was left in *Hagler* stated, " [h]i, this message is for Charles. Please call Bill Jackson at 913-362-3950 when you get the chance. My extension is like 281" *Id.* at *1. The Court reasoned that because the voice mail message did not directly reference a debt and plaintiff could not infer that the voice mail involved a debt, Plaintiff could not recover under section 1692e(11). *Id.* at *7. As in *Hagler,* Defendant's

voice mail message did not directly reference a debt, and Plaintiff could not infer the voice mail involved a debt. Thus, it is clear that Defendant's voice mail message is not a "communication" under the FDCPA. *Id.*

For the reasons and case law stated above, Defendant's voice mail message to the Plaintiff is not a "communication," under the FDCPA. Moreover, Plaintiff has failed to plead any facts to plausibly show his cause of action is based on any actionable "communication," as defined by the FDCPA. Therefore, Plaintiff's claim under the FDCPA claim fails under Rule 12(b)(6) and should be dismissed.

Furthermore, any proposed amendment by Plaintiff is futile, as any additional facts or allegations asserted by the Plaintiff would not satisfy the *Twombly* and *Iqbal* standards and would not survive a Rule 12(b)(6) motion. *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir.1993). It is impossible for Plaintiff to plead any additional facts showing Defendant had an actionable "communication" with the Plaintiff without making misrepresentations to this Honorable Court. Defendant placed one singular call to the Defendant and said call did not directly or indirectly reference a debt. Any amendment proposed by the Plaintiff would be futile; therefore, this Honorable Court should dismiss Plaintiff's complaint with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the above reasons, Plaintiff's lawsuit must be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6). It is respectfully requested that this Court dismiss Plaintiff's Complaint with prejudice.

>Respectfully submitted,
>
>/s/Timothy E. Baxter_____
>
>Timothy E. Baxter (P28045)
>Attorney for Defendant
>Law Offices of Timothy E. Baxter & Associates, P.C.
>P.O. Box 2669
>Farmington Hills, MI 48333
>(248) 553-1155
>tbaxter@baxlaw.com