UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SETH MILLER,

        Plaintiff,                                      Hon. Janet T. Neff

v.                                                      Case No. 1:14-CV-1117

TIMOTHY E. BAXTER
and ASSOCIATES, P.C.,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #10). In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for resolution of dispositive motions, the undersigned recommends that Defendant's motion to dismiss be **granted in part and denied in part**.


## BACKGROUND

In his First Amended Complaint, Plaintiff alleges that on September 2, 2014, Defendant "placed a [debt] collection call to Plaintiff's cell phone." Because Plaintiff did not answer the call, Defendant left "a recorded message on Plaintiff's cell phone." Plaintiff asserts that Defendant's conduct violates the Telephone Consumer Protection Act because Plaintiff had not previously provided to Defendant written consent to be telephonically contacted by Defendant. Plaintiff further asserts that Defendant's conduct violated the Fair Debt Collection Practices Act because Defendant's recorded

message did not state that the telephone concerned "an attempt to collect a debt." Defendant now moves to dismiss Plaintiff's complaint on the ground that it fails to state a claim on which relief may be granted.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim

> for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

I.    **Telephone Consumer Protection Act**

In response to "[c]onsumer complaints about abuses of telephone technology - for example, computerized calls to private homes," Congress enacted the Telephone Consumer Protection Act (TCPA) which "bans certain invasive telemarketing practices." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 742 (2012). Congressional action was necessary "because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." The TCPA is intended "to protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of facsimile. . .machines and automatic dialers." *Charvat v. NMP, LLC*, 656 F.3d 440, 443 (6th Cir. 2011).

To state a claim for violation of the TCPA resulting from a telephone call made to a cellular phone, a plaintiff must allege: (1) the defendant placed the call; (2) the plaintiff was charged for the call; and (3) the call was placed using "an automatic telephone dialing system or an artificial or prerecorded voice." *Patton v. Corinthian Colleges, Inc.*, 2014 WL 1118467 at *2 (E.D. Mich., Mar. 20, 2014); *see also*, *Hossfeld v. Government Employees Ins. Co.*, - - - F.Supp.3d - - -, 2015 WL 847474 at

*4 (D. Md., Feb. 25, 2015) (reiterating that to state a claim under the TCPA the plaintiff must allege that the defendant utilized "an automatic telephone dialing system"). Plaintiff has not alleged that the telephone call in question was placed by "an automatic telephone dialing system or an artificial or prerecorded voice." Accordingly, the undersigned recommends that Plaintiff's TCPA claim be dismissed for failure to state a claim on which relief may be granted.

**II.         Fair Debt Collection Practices Act**

One particular provision of the Fair Debt Collection Practices Act (FDCPA) provides that "[t]he failure to disclose in the. . .initial communication with the consumer. . .that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" constitutes a violation of the FDCPA. 15 U.S.C. § 1692e(11). Plaintiff alleges that Defendant violated this provision with respect to the telephone call in question.

Defendant asserts that it is entitled to relief because the voice mail message which its representative left for Plaintiff made no mention of or reference to any debt or any efforts to collect a debt.[1] Defendant is correct that where a caller merely identifies herself and her employer and provides a call-back number, assuming such does not directly suggest that the telephone call concerns a debt or the collection thereof, such does not constitute a "communication" under the subject provision. *See, e.g., Brody v. Genpact Services, LLC*, 980 F.Supp.2d 817, 820 (E.D. Mich., Oct. 28, 2013).

The shortcoming with Defendant's argument is that it is premised upon an unsworn assertion as to the content of the subject voice mail. A motion for failure to state a claim on which relief

---

[1] Defendant asserts that the voice mail that its representative left for Plaintiff was as follows: "this message is for Seth Miller, this is uh. . .Nicole Gardenhire, and I am calling from the Law Offices of Timothy Baxter & Associates, please return the call at 866-431-8271. Thank you." (Dkt. #10 at Page ID#24). This assertion is not supported by any admissible evidence, but is instead merely a statement contained in Defendant's unsworn pleading.

may be granted assesses the allegations in Plaintiff's complaint - not Defendant's inadmissible statements in response thereto. In this regard, Plaintiff alleges in his complaint that Defendant "placed a collection call" to him "for an alleged debt." A reasonable inference from such allegations is that Plaintiff knew the telephone call concerned a debt or the collection thereof because the content of the voice mail conveyed or communicated such. Plaintiff further alleges that the caller did not indicate that the telephone call concerned a debt or the collection thereof. As Plaintiff is a pro se litigant whose pleadings must be read indulgently, the Court finds such is sufficient to survive the present challenge.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (Dkt. #10), be **granted in part and denied in part**. Specifically, the undersigned recommends that Defendant's motion be granted as to Plaintiff's Telephone Consumer Protection Act claim and denied as to Plaintiff's Fair Debt Collection Practices Act claim.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: July 30, 2015     /s/ Ellen S. Carmody
     ELLEN S. CARMODY
     United States Magistrate Judge