UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SETH MILLER,

       Plaintiff,                                      Hon. Janet T. Neff

v.                                                       Case No. 1:14-CV-1117

TIMOTHY E. BAXTER
and ASSOCIATES, P.C.,

       Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 24). On September 9, 2015, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (ECF No. 17). For the reasons discussed herein, Defendant's motion is **granted** and this matter **terminated**.

## BACKGROUND

In his First Amended Complaint, Plaintiff alleges that on September 2, 2014, Defendant "placed a [debt] collection call to Plaintiff's cell phone." Because Plaintiff did not answer the call, Defendant left "a recorded message on Plaintiff's cell phone." Plaintiff asserts that Defendant's conduct violated both the Telephone Consumer Protection Act and the Fair Debt Collection Practices Act. Plaintiff's claim under the Telephone Consumer Protection Act was previously dismissed. (ECF No.

12-13). Defendant now moves for summary judgment as to Plaintiff's claim under the Fair Debt Collection Practices Act. Plaintiff has failed to respond to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party

"must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, the plaintiff on a claim for relief or the defendant on an affirmative defense, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

The Fair Debt Collection Practices Act (FDCPA) provides, in relevant part, that "[t]he failure to disclose in the. . .initial communication with the consumer. . .that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" constitutes

a violation of the FDCPA. 15 U.S.C. § 1692e(11). Plaintiff specifically alleges that Defendant violated this provision with respect to the telephone call in question. (PageID.13).

In support of its motion for summary judgment, Defendant has submitted an affidavit executed by Nicole Gardenhire in which she asserts that on September 2, 2014, she left the following message after dialing Plaintiff's telephone number:

> This message is for Seth Miller, this is uh. . .Nicole Gardenhire, and I am calling from the Law Offices of Timothy Baxter & Associates, please return the call at 866-431-8271. Thank you.

(PageID.106-07).

Under the FDCPA, where a caller merely identifies herself and her employer and provides a call-back number, assuming such does not directly suggest that the telephone call concerns a debt or the collection thereof, such does not constitute a "communication" under the FDCPA provision in question. *See, e.g., Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 742 (6th Cir. 2015) (where caller left a voicemail message "which does little more than ask someone from Brown's business's payroll department to call back," such does not constitute a "communication" under the FDCPA); *Brody v. Genpact Services, LLC*, 980 F.Supp.2d 817, 819-20 (E.D. Mich., Oct. 28, 2013) (where caller left a voicemail message identifying herself, her employer, and a request to return the call such does not constitute a "communication" under the FDCPA).

Plaintiff has submitted no evidence contradicting or calling into question Ms. Gardenhire's assertion as to the content of the voicemail message she communicated to Plaintiff. As the voicemail message in question does not constitute a "communication" under the FDCPA, Defendant is entitled to summary judgment on Plaintiff's FDCPA claim.

## **CONCLUSION**

      For the reasons articulated herein, Defendant's Motion for Summary Judgment, (ECF No. 24), is **granted** and this matter is **terminated**.


Date:  July 12, 2016                                                         /s/ Ellen S. Carmody  
                                                                                  ELLEN S. CARMODY  
                                                                                  United States Magistrate Judge